

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MONTI N. BELLAMY, § | | |
| Petitioner, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 2:17-01782-MGL | |
| § | | |
| GIO RAMIREZ, § | | |
| Warden of FCI-Williamsburg, § | | |
| Respondent. § | | |

ORDER ADOPTING REPORT AND RECOMMENDATION,
DISMISSING PETITIONER'S PETITION
WITHOUT PREJUDICE AND WITHOUT REQUIRING
RESPONDENT TO FILE A RETURN,
AND DENYING A CERTIFICATE OF APPEALABILITY

This case was filed as habeas corpus action under 28 U.S.C. § 2241 (section 2241). Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Petitioner's petition be summarily dismissed without prejudice and without requiring respondent to file a return. The Report also recommends a Certificate of Appealability not be issued. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de

novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 2, 2018, ECF No. 9, and the Clerk of Court entered Petitioner's objections to the Report on March 16, 2018, ECF No. 15. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner objects the Magistrate Judge erred in suggesting his petition should be dismissed. The Magistrate Judge suggested because Petitioner sought to challenge enhancement of his sentence, and because he did not meet the requirements of 28 U.S.C. § 2255's (section 2255) savings clause, section 2241 was not the appropriate avenue for relief. The Magistrate Judge further recommended the Court lacked jurisdiction over Petitioner's section 2241 petition, and accordingly must dismiss the petition. Finally, the Magistrate Judge suggested a Certificate of Appealability be denied. Petitioner objects he was not an Armed Career Criminal (ACC) because his prior drug convictions were not serious drug offenses. Thus, he argues, his sentence as an ACC, which was above the otherwise applicable statutory maximum sentence, raises a constitutional issue, and the Court has jurisdiction over his petition. The Court agrees with the Magistrate Judge.

Petitioner here challenges the validity of his sentence. "[I]t is well established that defendants convicted in federal court [like Petitioner] are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Section 2241, by contrast, can be used to attack the execution of a sentence. *In re. Vial*, 115 F.3d

1192, 1194 n.5 (4th Cir. 1997). Thus, the proper method for Petitioner to challenge the validity of his sentence is a motion under section 2255, not one under section 2241.

A section 2255 motion is generally the sole method for a petitioner convicted in federal court to challenge the validity of his sentence. *Rice*, 617 F.3d at 807. A petitioner may, however, seek relief under section 2241 when section 2255 "proves 'inadequate or ineffective to test the legality of . . . detention.'" *Vial*, 115 F.3d at 1194 (quoting 28 U.S.C. § 2255(e)). Section 2255 is inadequate and ineffective such that relief may be sought under section 2241 when: 1) at the time of conviction, the conviction was legal, 2) after direct appeal and a first 2255 motion, the law changed, rendering the conviction no longer legal, and 3) petitioner is unable to avail himself of section 2255 because the change in law is not constitutional in nature. *Rice*, 617 F.3d at 807 (citing *In re. Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Petitioner filed a section 2255 motion on June 1, 2012. *United States v. Bellamy*, No. 4:11-cr-00271-RBH-1, ECF No. 59 (D.S.C. June 1, 2012). The Court denied Petitioner's 2255 motion. *Id.*, ECF No. 83 (D.S.C. Sept. 29, 2014). Petitioner filed a second section 2255 motion, *id.*, ECF No. 118 (D.S.C. July 25, 2016), which the Court dismissed without prejudice, *id.*, ECF No. 123 (D.S.C. July 26, 2016). In the dismissal Order, the Court noted that a second or successive petition under section 2255 must be certified by the Court of Appeals, and Petitioner had not done so. *Id.* Petitioner avers on May 31, 2017, he sought the certification of the Fourth Circuit Court of Appeals to file a successive motion under 2255; the Fourth Circuit denied

Petitioner's request on June 7, 2017. Petitioner filed the instant petition under section 2241 on July 7, 2017. ECF No. 1.

Petitioner was procedurally barred from bringing a successive petition under section 2555. Such a bar, however, does not render the remedy available under section 2255 inadequate or ineffective so as to justify Petitioner seeking relief under section 2241. Further, the Fourth Circuit has not extended section 2255(e)'s savings clause with its exception for cases where section 2255 is inadequate or ineffective to claims based solely sentencing, such as Petitioner's claim. *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has . . . not extended the reach of the [section 2255(e)] savings clause to those petitioners challenging only their sentence."). Petitioner concedes no Fourth Circuit precedent allows section 2255(e)'s savings clause to be extended to such a claim. ECF No. 19 at 1. For those reasons, section 2241 is not the appropriate vehicle for Petitioner's claim.

Because Petitioner's claim could not properly be brought under section 2241, this Court lacks jurisdiction over, and must dismiss, the claim. *See Rice*, 617 F.3d at 807. ("[A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a §2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction."). Petitioner had the opportunity to file a section 2255 motion. That such a motion was procedurally barred does not render section 2255 inadequate or ineffective. Thus, Petitioner's section 2241 claim is not properly before this Court, and the Court must dismiss the claim for lack of jurisdiction.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of this Court that Petitioner's petition is summarily **DISMISSED** without prejudice and without requiring respondent to file a return.  To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

    **IT IS SO ORDERED**.

    Signed this 28th day of March, 2018, in Columbia, South Carolina.

    s/ Mary Geiger Lewis
    MARY GEIGER LEWIS
    UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.