

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| MONTI N. BELLAMY, | § | |
|---|---|---|
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:17-01782-MGL |
| | § | |
| GIO RAMIREZ, | § | |
| Warden of FCI-Williamsburg, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S RULE 59(e) MOTION TO ALTER OR AMEND**

### I. INTRODUCTION

Pending before the Court is Petitioner Monti N. Bellamy's (Petitioner) Federal Rule of Civil Procedure 59(e) Motion to Alter or Amend the Court's Order, ECF No. 17, adopting the Report and Recommendation (Report) of the United States Magistrate Judge. ECF No. 20. Petitioner is proceeding pro se. The Court has jurisdiction over the matter under 28 U.S.C. § 1331. Having carefully considered the motion, the record, and the applicable law, it is the judgment of the Court Petitioner's motion will be denied.

### II. FACTUAL AND PROCEDURAL HISTORY

United States Magistrate Judge Mary Gordon Baker issued a Report suggesting Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (section 2241) be summarily dismissed without prejudice and without requiring Respondent to file a return. ECF No. 9. The Report also

recommended a certificate of appealability be denied. *Id.* Petitioner timely filed objections. ECF No. 15. On March 28, 2018, this Court entered an Order overruling Petitioner's objections, adopting the Report, dismissing Petitioner's section 2241 petition without prejudice and without requiring Respondent to file a return, and denying a certificate of appealability. ECF No. 17.

Petitioner timely filed his motion under Rule 59(e) to alter or amend the Court's Order adopting the Report. ECF No. 20. The Court is now prepared to discuss the merits of the motion.

## III. STANDARDS OF REVIEW

There are only three limited bases for a district court to grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082 (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss. 1990)). "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party.

2

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

IV.     **CONTENTIONS OF THE PARTIES**

In Petitioner's motion, he asks the Court to reconsider its Order adopting the Report in light of the United States Court of Appeals for the Fourth Circuit's recent decision in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). ECF No. 20. Petitioner avers *Wheeler* extends the reach of the 28 U.S.C. § 2255's (section 2255) savings clause to defendants challenging their sentences, and the Court should thus reconsider its Order adopting the Report. *Id.*

V.      **DISCUSSION AND ANALYSIS**

Petitioner's motion fails to allege any evidence is newly available. The motion also neglects to claim clear error of law or manifest injustice. Thus, the motion is appropriately viewed as arguing for the Court to amend its previous Order based upon an intervening change in law. Although Petitioner is correct the Fourth Circuit recently extended the applicability of section 2255's savings clause, that change in law is insufficient to support the Court amending its earlier Order.

A motion under section 2255 is generally the sole method for a petitioner convicted in federal court to challenge the validity of his sentence. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A petitioner may, however, seek relief under section 2241 when section 2255 "proves 'inadequate or ineffective to test the legality of . . . detention.'" *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (quoting 28 U.S.C. § 2255(e)). Section 2255 is inadequate and ineffective, and section 2255's savings clause is triggered such that relief may be sought under section 2241, when:

1) at the time of conviction, the conviction was legal, 2) after direct appeal and a first 2255 motion, the law changed, rendering the conviction no longer legal, and 3) petitioner is unable to avail himself of section 2255 because the change in law is not constitutional in nature. *Rice*, 617 F.3d at 807 (citing *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Vial*, 115 F.3d at 1194 n.5 (citations omitted).

In its Order adopting the Report, the Court noted Petitioner was procedurally barred from bringing a successive petition under section 2255. ECF No. 17 at 4. The Order further stated such a procedural bar failed to open the door to section 2255's savings clause; thus, relief was unavailable via section 2241. *Id.* Additionally, the Court noted the Fourth Circuit had refrained from extending section 2255's savings clause to claims based solely on sentencing. *Id.* (citing *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has . . . not extended the reach of the [section 2255(e)] savings clause to those petitioners challenging only their sentence.")). For those reasons, the Court held Petitioner was unable to bring his claim via section 2241, and the Court must dismiss Petitioner's section 2241 petition. ECF No. 17.

In *Wheeler*, the Fourth Circuit extended the reach of section 2255's savings clause to a claim based upon erroneous sentencing. *Wheeler*, 886 F.3d at 428. *Wheeler*, however, fails to override the procedural requirements for Petitioner to file a second motion under section 2255, nor does it extinguish the requirements for Petitioner to seek relief in a section 2241 motion via section 2255's savings clause.

As noted above, a petitioner must ordinarily seek relief from his federal sentence via a

section 2255 motion. *Rice*, 617 F.3d at 807. Petitioner here filed an unsuccessful first motion under 2255. For Petitioner to seek relief via a second section 2255 motion, a panel of the Court of Appeals must certify the new motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner acknowledges he fails to meet the criteria to file a second section 2255 motion. ECF No. 1 at 6 ("the basis on which [Petitioner] seeks relief is neither newly discovered evidence nor new rule of constitutional law."). The Court agrees. Additionally, shortly before Petitioner filed his instant petition under section 2241, the Fourth Circuit denied Petitioner leave to bring a second motion under section 2255.

Thus, Petitioner was unable to obtain relief under section 2255, and procedurally barred from bringing a second motion under section 2255. Neither inability to obtain relief under section 2255 nor procedural bar from seeking such relief, however, constitutes section 2255 being "inadequate or ineffective" so as to allow Petitioner access to relief via section 2241. *Vial*, 115 F.3d at 1194 n.5 (citations omitted).

For the above reasons, though Petitioner is correct the Fourth Circuit has extended the reach of section 2255(e)'s savings clause, that change alone is insufficient to require the Court to amend its earlier Order adopting the Report. Thus, the Court will deny Petitioner's motion to amend.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Plaintiff's Rule 59(e) motion to alter or amend the Court's Order adopting the Report is **DENIED**.

**IT IS SO ORDERED**.

Signed this 2nd day of May, 2018, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.